ALFRED JULIAN OXENHAM, Appellant, *v.* PAULINE KALLMAN OXENHAM, Respondent.

First Department, February 14, 1930.

*Bernard Hershkopf* of counsel [*George F. Lewis* and *William S. Savage* with him on the brief; *Jerome & Rand*, attorneys], for the appellant.

*Bernard H. Sandler*, for the respondent.

O'MALLEY, J. The action is for absolute divorce. Defendant is charged with adultery committed in Havana, Cuba. Of several issues framed, all were withdrawn from the jury's consideration

save one. This read: " 1. Did the defendant during the month of May, 1928, at the Hotel Montserat, in the City of Havana, Cuba, commit acts of adultery with Juliano Garcia? "

Plaintiff's evidence of defendant's adultery with the person named during the month specified and at some place on the island of Cuba was of a convincing character. It failed, however, to meet one element included in the question reserved for submission. While there was proof that the act took place at a hotel, there was none to show it occurred at the Hotel Montserat, or in the city of Havana. The defendant rested on plaintiff's proof and her counsel's motion to direct a negative answer to the question was granted.

The defendant's motion at Special Term to confirm the jury's finding and for a dismissal of the complaint came on before the same justice who had directed the verdict on the framed issue and was met by a cross-motion to set aside the verdict and for a new trial on the ground that the verdict was contrary to law and fact and against the weight of the evidence; or, in the alternative, for an order reframing the issue and directing a trial thereof. The proposed issue was: " Did the defendant during the month of May, 1928, on the Island of Cuba, commit acts of adultery with one Juliano Garcia? " Plaintiff's motion was denied and defendant's granted.

Counsel for appellant urges reversal upon the ground that there was sufficient in the evidence to warrant an inference by the jury that the act charged had been committed at the hotel specified. With this we are unable to agree and are in accord with the view of the learned trial justice when he ruled that the proof in this respect was deficient.

It is further urged on behalf of the appellant that at most there was an immaterial variance between the proof and the questions framed, and that under the circumstances the court had the power and should have directed " the fact to be found according to the evidence." (Civ. Prac. Act, § 434.)

We are unable to view the matter in this light and are constrained to hold that the variance was material. The complaint charged an act not only serious in character, but severe in consequences. Defendant was under no duty to meet charges other than were made in the complaint or as finally fixed by the framed issues. The question submitted specifically charged the commission of the act at a specified place in a particular city, and this was the final issue which the defendant was called upon to meet. The question, moreover, was not specific as to date, the month only being designated. The plaintiff having failed in his proof to establish the issue

framed, we think the defendant was entitled to rest upon the case as it stood and move for a direction in her favor.

However this may be, defendant at most was entitled to dismissal, not upon the merits, but without prejudice. There was but failure of proof. Plaintiff would have been entitled to commence another action based upon the facts comprehended within the issues framed.

It is to be noted, too, that the complaint defendant was called upon to answer was much broader than the particular issue on which the verdict was directed. It charged misconduct generally " during the year 1928 at various places in the 'city and State of New York, the City of Havana, Cuba, and elsewhere." The proposed new issue was well within the pleading. As thus framed, plaintiff's evidence offered in support of the original issue would clearly establish a *prima facie* case.

In the peculiar circumstances of the case we are of opinion that the interests of justice require a new trial upon the present complaint. In so far as the original issue framed and tried is concerned, the complaint perhaps must be deemed dismissed, but without prejudice. Its other allegations contained in paragraph 5 and already noted, however, are tantamount to a separate cause of action, with respect to which no issue had heretofore been framed or sought. The issues originally framed and withdrawn related to other acts of alleged misconduct. In view of the peculiar circumstances and confining ourselves solely to a consideration of this case, we are of opinion that it would have been a proper exercise of the discretion of the learned trial justice at Special Term to have denied defendant's motion for judgment and to have granted plaintiff's counter motion for the framing of the new issue as proposed and to direct a trial thereof.

It follows that the judgment dismissing the complaint upon the merits and the order appealed from should be reversed and a new trial ordered and plaintiff's motion to reframe the issue proposed should be granted.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, and plaintiff's motion to reframe issue granted. Settle order on notice.